**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRIETTA NICOLE DAWKINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-574-P** |
| | § | |
| **TARRANT COUNTY COLLEGE DISTRICT, ET AL.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS REGARDING DEFENDANT TARRANT COUNTY COLLEGE DISTRICT'S MOTION TO DISMISS AND DEFENDANT THE UNIVERSITY OF TEXAS AT ARLINGTON'S MOTION TO DISMISS**

Pending before the Court is Defendant Tarrant County College District ("TCCD")'s Motion to Dismiss [doc. 16], filed June 29, 2026, and Defendant the University of Texas at Arlington ("UTA")'s Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") [doc. 34], filed August 3, 2026. Having carefully considered the motions, related filings, and applicable law, the Court **RECOMMENDS** that TCCD and UTA's motions be **GRANTED**.

## I. FACTUAL BACKGROUUND

Plaintiff, in her First Amended Complaint ("Amended Complaint"), alleges that, on April 22, 2026, she "arrived at the TCCD campus to request records and speak with TCCD general counsel Antonio Allen, regarding her ongoing student account dispute." (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") [doc. 28] at 4); *see also* Plaintiff's Attachments to Amended Complaint ("Pl.'s Attach.") [doc. 28-1] at 1-2. Plaintiff claims that the visit to TCCD's campus ended with her being escorted off the premises by campus security. (Pl.'s Attach. at 2.)

On May 11, 2026, Plaintiff, proceeding *pro se*, filed a Complaint in this Court [doc. 1] asserting claims against UTA and TCCD under the Fair Credit Reporting Act (FCRA) and 42 U.S.C. § 1983. (Plaintiff's Original Complaint at 3). After UTA and TCCD each filed a Motion to Dismiss [docs. 14, 16], the Court, on July 15, 2026, entered an Order Requiring Plaintiff to File an Amended Complaint [doc. 27] and extending the deadline for Plaintiff to properly serve TCCD. On July 20, 2026, Plaintiff filed her Amended Complaint [doc. 28], which dropped the FCRA claim and added section 1983 claims under the Fourth and Fourteenth Amendments. (*See* Pl.'s Am. Compl. at 3).

### A. TCCD's Motion to Dismiss

TCCD, in its Motion to Dismiss, argues that Plaintiff's claims against it should be dismissed, *inter alia*, for insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5). Specifically, TCCD states:

> TCCD is a local governmental entity. Service on TCCD therefore must comply with Federal Rule of Civil Procedure 4(j)(2), which requires service by delivering the summons and complaint to the entity's chief executive officer or by serving the entity in the manner prescribed by Texas law. Fed. R. Civ. P. 4(j)(2). Here, Plaintiff did neither. The executed summons reflects that Plaintiff left the summons and complaint at TCCD's Trinity River Campus. (Doc. 13). It does not identify any individual who accepted service on TCCD's behalf. (*Id.*) Such service is insufficient under Rule 4(j)(2). . . .

(TCCD's Motion to Dismiss at 2.) The Court, agreeing with TCCD's argument, issued an order on July 15, 2026, that, *inter alia*, extended the time for Plaintiff to properly serve TCCD until August 14, 2026 [doc. 27]. Thereafter, in response to a motion filed by Plaintiff, the Court further extended Plaintiff's deadline to serve TCCD to September 11, 2026 [doc. 40]. Plaintiff, however, has wholly failed to file proof of service on TCCD. Thus, the Court **FINDS and CONCLUDES** that TCCD's Motion to Dismiss for insufficient service of process should be **GRANTED**.

Consequently, the Court recommends that all claims against TCCD be **DISMISSED WITHOUT PREJUDICE**.

**B. UTA's Motion to Dismiss**

In its Motion to Dismiss, UTA argues that the Amended Complaint should be dismissed because: (1) Plaintiff lacks Article III standing to sue UTA as she does not allege a concrete and particularized injury that is traceable to UTA; (2) this Court lacks subject matter jurisdiction because, pursuant to the Eleventh Amendment of the United States Constitution, UTA retains sovereign immunity from claims brought under 42 U.S.C. § 1983; and (3) Plaintiff has not stated a claim upon which relief can be granted under Rule 12(b)(6). (Pl.'s Br. at 2). Based on the arguments made in UTA's motion, the Court agrees that the Court lacks subject matter jurisdiction to hear the case because UTA is entitled to sovereign immunity under the Eleventh Amendment. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar."); *Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 392 (5th Cir. 2007) ("It is undisputed that UTHSC, as an arm of the state, is entitled to Eleventh Amendment immunity . . . ."); *Esimai v. Univ. of Tex. Arlington*, No. 23-cv-00899-P, 2023 WL 8628331, at *2 (N.D. Tex. Dec. 13, 2023) ("The Fifth Circuit has consistently held that state universities are arms of the state and enjoy sovereign immunity."); *Doe v. Bonath*, 705 F. Supp. 3d 690, 704 (W.D. Tex. Nov. 7, 2023) ("The Supreme Court specifically held that 42 U.S.C. § 1983 does not abrogate States' Eleventh Amendment Immunity.") Consequently, the Court **FINDS and CONCLUDES** that it does not have subject matter jurisdiction to hear the case. Thus, the Court **RECOMMENDS** that UTA's Motion to Dismiss be **GRANTED** and all claims against UTA be **DISMISSED WITHOUT PRJEUDICE**.[1]

[1] Even assuming the Court had subject matter jurisdiction, the claims against UTA should be dismissed for failure to state a claim. (*See* UTA's Brief in Support of Motion to Dismiss [doc. 35] at 9-10.) As noted by UTA,

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that TCCD's Motion to Dismiss [doc. 16] be **GRANTED** and Plaintiff's claims against TCCD be **DISMISSED WITHOUT PREJUDICE** for insufficient service of process.

In addition, for the reasons set out above, the Court **RECOMMENDS** that UTA's Motion to Dismiss [doc. 34] be **GRANTED** and Plaintiff's claims against UTA be **DISMISSED WITHOUT PREJUDICE** because this Court lacks subject matter jurisdiction to hear the case.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29

---

Plaintiff fails to make any specific allegations against UTA and never mentions UTA in the Amended Complaint. (*See* Def.'s Br. at 2, 5, 9-10; *see generally* Pl.'s Am. Compl.) Plaintiff, in the Amended Complaint, only makes factual allegations relating to TCCD or its agents and only challenges debts associated with TCCD. (*See* Pl.'s Am. Compl. at 4); Pl.'s Attach. at 1-2). Consequently, in the alternative, the Court **FINDS** and **CONCLUDES** that Plaintiff has failed to state a claim against UTA upon which relief can be granted.

(5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 363(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until October 27, 2026, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendations. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 13, 2026

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE